# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
April 6, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MICHAEL PRICE,**
**Claimant Below, Petitioner**

**vs.)    No. 13-1272** (BOR Appeal No. 2048546)
(Claim No. 2013007996)

**KINGSFORD MANUFACTURING COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Michael Price, by Pat A. Nichols, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Kingsford Manufacturing Company, by Gary W. Nickerson and James W. Heslep, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 22, 2013, in which the Board affirmed a June 11, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 15, 2012, decision to reject the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Price, an employee for Kingsford Manufacturing Company, injured his left knee at work on September 20, 2012. Thereafter, Mr. Price was escorted by ambulance to Davis Memorial Hospital for an evaluation of his left knee. The report from Davis Memorial Hospital stated that the impression was internal derangement of the left knee. Mr. Price reported to Richard Topping, M.D., for an evaluation of his left knee. Dr. Topping opined, based upon MRI evidence, that Mr. Price suffered a dislocation of knee and a tear of the meniscal cartilage on September 20, 2012. Mr. Price filed for workers' compensation benefits and his claim was denied. The claims administrator determined that Mr. Price's injury was idiopathic in nature and

was not a result of his employment with Kingsford Manufacturing Company. Mr. Price protested. Statements were taken from Michael Bryant, Mr. Price's boss, and his coworkers Tom Fitzgerald, Jim Bedford, Larry Streets, and Kenny Pooling. All of the testimony indicated that Mr. Price was walking when he suddenly fell to the floor. No one could identify any place where Mr. Price slipped or tripped. In addition, Mr. Price was not carrying any materials or maneuvering around any object.

The Office of Judges determined that Mr. Price failed to establish that his injury was received in the course of and as a result of his employment with Kingsford Manufacturing Company. The Office of Judges noted that the testimony of record established that Mr. Price was working on maintaining equipment during a scheduled shut-down period at the facility. After welding a piece of material on a machine, Mr. Price stood up and proceeded to walk across the facility's concrete floor in order to obtain more material. The Office of Judges determined that the injury occurred while Mr. Prince was walking across the floor and his left knee gave out. This caused him to fall to the floor. The Office of Judges found that there was nothing upon which he had tripped and that he was not carrying any materials at the time when his left knee gave out. As such, the Office of Judges determined his injury was idiopathic and not the result of his employment with Kingsford Manufacturing Company. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the findings of the Office of Judges and conclusions of the Board of Review. Mr. Price has not established that his injury was the result of his employment with Kingsford Manufacturing Company. His injury occurred at work, but it was in no way a result of his work. Mr. Price was not lifting any object, maneuvering around any object, or carrying any object. He did not trip or slip. He also did not identify any work condition that precipitated his injury. The testimony of Mr. Price and his coworkers establishes that he was simply walking when his knee gave out. Since the injury was idiopathic in nature it was not in error for the claims administrator, the Office of Judges, and Board of Review to reject the claim.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   April 6, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II